MARSHALL AND OTHERS, ADMINISTRA-
   TORS ON THE ESTATE OF LARIMORE,
   DECEASED, vs. BOND.

JEFFERSON.
December 1816
——
Marshall, et al.
*v.*
Bond.

A book account, commencing three or four years ago, and containing a regular series of charges, the last of which are within a year of the time when suit was commenced, is a book account of not more than eighteen months standing, within the statute.

ASSUMPSIT.

PLEA—Non-Assumpsit.

The book accounts of the deceased were produced, and James Marshall, one of the plaintiffs, was sworn as a witness to prove the account.

GOODENOW, for the defendant, objected to his swearing to any items of the account, which had been charged more than eighteen months before this suit was brought.

WRIGHT, for plaintiffs.

PRESIDENT.—The 6th section of the "act for the prevention of frauds and perjuries," declares "that in all actions wherein any claim or defence is founded on book accounts, of not more than eighteen months standing, in which is drawn in question the validity or amount of any such book accounts, the court or justice may examine the party or parties under oath," &c. The claim, in this case, is founded on a book account, which commences three or four years ago, and contains a regular series of charges against the defendant, to within a year of the time when this suit was commenced, probably until the last sickness of the intestate. The validity or amount of this book account is now drawn in question, and the court are about to examine one of the parties, under oath, touching that validity or amount. The question is, to what extent of time shall that examination go? The answer to this, will determine what construction is to be given to the words, "book accounts of not more than eighteen months standing." The statute speaks of book accounts in the aggregate, not of individual items; nor to be so applied, unless in a case where a book account is composed of one item only: such book accounts are to be of not more than eighteen months standing: not any part of the items which

JEFFERSON.
December 1816

compose the account, but the whole account must have been standing. The statute uses a figure of speech which is very expressive of a pause: a total resting in the account, the opposite of going forward or progression.

Where there has been an uninterrupted course of dealing between the parties, on credit, until within eighteen months time of commencing a suit, it might be supposed that such dealings were more vividly in the recollection of the parties, than when they had wholly ceased, and been left standing for that length of time; and this was probably the reason why the legislature limited the enquiry in this way. This account is not of more than eighteen months standing, I think, therefore, that the witness may be examined, touching the validity of the whole of it.

The objection overruled.